PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* THE FAJARDO SUGAR GROWERS ASSOCIATION ET AL., Defendants and Appellants.

No. 4859.—Argued May 6, 1932.—Decided July 14, 1933.

*Jaime Sifre, Jr., H. Franceschi,* and *Diego O. Marrero,* for appellants. *Charles E. Winter, Attorney General,* (*James R. Beverley* on the brief), and *A. Ortiz Toro, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a suit for injunction to recover possession of real property, brought by the People of Puerto Rico against The Fajardo Sugar Growers Association and others under Act No. 43 of 1913 (Session Laws, p. 83), as amended by Act No. 11 of 1917 (Session Laws, Vol. II, p. 220).

A complaint was filed which was subsequently amended, and it was finally alleged that within the year next preceding the filing of the original complaint and up to August 24, 1927, the People of Puerto Rico was in the actual and material possession of a parcel of swamp land, located in the ward of Daguao, Municipality of Naguabo, within the mangrove tract or forest (*predio o monte manglar*) designated as "La Esperanza," which parcel was duly described by points, directions, degrees, and landmarks, and is bounded on the south and east by other swamp land of The People; on the north by said swamp land and land of the Fajardo Sugar Co.; and on the west by said swamp land and the Quebrada Palmas River, containing 3,381.16 square meters, equivalent to 0.86 of an acre (*cuerda*).

It was further alleged that on the said August 24, 1927, the plaintiff was deprived of the possession of said parcel by the defendant company, acting through its overseers Francisco Cruz and Santiago Díaz, its foreman Nicasio Figueroa, and its laborers Jerónimo López, Juan López, Alejandro Alhoyo, Eladio Alhoyo, and Faustino Cepeda, forcibly entering thereon without the consent of the plaintiff, laying portable rails along the parcel, and cutting mangrove trees, on both sides of the track.

There was also alleged the actual and material possession by The People of the entire Esperanza mangrove swamp which was duly described, within the year next preceding the filing of the original complaint and at the time of such filing, except the parcel of which it was deprived on the aforesaid date by said defendant and which is a part of said man-

grove swamp, the intention of the said defendant being to extend the trespass over the entire tract.

The aforesaid defendant answered denying the averments of the complaint which prejudiced it, and alleged that it is the owner and, within the year next preceding the filing of the original complaint, has been in the civil, actual, and material possession of a rural property in Daguao, Naguabo, which it described, containing 450 acres (*cuerdas*), and of another property, also described, containing 450 acres, which properties are adjoining and upon being surveyed they showed to have an area of 679 acres, a parcel of swamp land of 100 acres, more or less, forming a part of the second property. It averred that the small parcel the object of this suit is in its possession because it owns the same as a part of the aforesaid swamp land.

The plaintiff petitioned the court for the issuance of a preliminary injunction, and the defendants were ordered to show cause why the same should not be granted. Thereupon the defendants answered in the sense already indicated. The case went to trial and the court finally rendered judgment in favor of the plaintiff directing the defendants to restore to the plaintiff the possession of the small parcel involved, and granting other pertinent relief.

Feeling aggrieved by that judgment, the defendants appealed to this court. They assign in their brief three errors, to wit: (1) That the trial court erred in holding that the evidence for the plaintiff showed that it was in possession of the mangrove swamp in question; (2) in refusing to admit in evidence the defendant company's ownership title thereto; and (3) in rendering judgment for the plaintiff when the preponderance of the evidence was in favor of the defendant.

Taking up first the second assignment, in order to conclude that there was no error, it will suffice to say that the question raised therein has been repeatedly decided by this Supreme Court in the sense that only the fact of possession should be investigated in a suit of this character. The judg-

ment rendered in such a suit does not operate as *res judicata* with respect to the ownership right that the litigants might have in the property involved.

The evidence was indeed conflicting. With reference thereto, the district court in the opinion which served as a basis for its judgment, said:

"The evidence for the plaintiff shows that the land on which the mangrove trees have been cut and the portable rails laid, was in the possession of the People of Puerto Rico for more than a year prior to the filing of the complaint and the 24th of August, 1927, and this conclusion is in turn strengthened by the very evidence for the party defendant, inasmuch as the witnesses Rafael A. Veve, cultivation manager, Francisco Cruz, overseer, Miguel Figueroa, Nicasio Fonseca, and Juan E. Sabat watchmen stated that every time they attempted to cut mangrove trees, they were stopped in the cutting by Valeriano Flores, an employee of the Forest Service, Juan E. Sabat having testified that Flores was the custodian of the mangrove swamp, which shows to us that the actual possession thereof was in the People of Puerto Rico through its employees of the Forest Service.

"Besides there is evidence that on more than one occasion the employees of the defendant were stopped in the cutting by the Forest Service, and acquiesced in such demand until August 24, 1927, when they refused to do so and proceeded to carry out and obey the orders of the defendant, which claimed to be the owner of the premises."

Upon examining the evidence, we find that it supports the conclusion reached by the district court. That being so, the judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Aldrey dissented.